UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKIE D. HALL,

          Petitioner,

v.
                                    Case Number: 07-CV-14274
                                    Honorable Arthur J. Tarnow

CAROL HOWES,

          Respondent.

_____/

## OPINION AND ORDER
## DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

### I. Introduction

Petitioner Frankie D. Hall, a state inmate presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, has filed this *pro-se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty, in the Jackson County, Michigan, Circuit Court, to (1) resisting and opposing person performing duty, MICH. COMP. LAWS § 750.81d2, and, (2) felony firearm, MICH. COMP. LAWS § 750.227b. He was sentenced as a third-habitual offender to five-years-four-months-to-eight-years imprisonment for the resisting-and-opposing conviction and the mandatory two-years imprisonment for the felony-firearm conviction to be served consecutively. Petitioner challenges the validity of his sentencing and alleges ineffective assistance-of-appellate-counsel claims. For the reasons stated, the Court denies Petitioner's writ of habeas corpus.

## II.  Procedural History

Petitioner pleaded guilty pursuant to a plea agreement.  In return for his plea, the prosecutor dismissed the following: (1) fourth-degree fleeing and eluding, MICH. COMP. LAWS § 257.602a(2), (2) carrying a concealed weapon, MICH. COMP. LAWS § 750.227, (3) possessing marijuana, MICH. COMP. LAWS § 333.7403(2)(d), and, (4) felon possessing a firearm, MICH. COMP. LAWS § 750.224f.  Additionally, the prosecutor agreed to dismiss an absconding charge and agreed to let Petitioner be sentenced as a third-degree-felony offender, MICH. COMP. LAWS § 769.11, rather than as a fourth-degree-felony offender, MICH. COMP. LAWS § 769.12.

At the preliminary-examination hearing on July 19, 2005, Officer Ryan Speidel testified that he was the officer who unsuccessfully attempted to stop Petitioner because he was speeding and had run two stop signs.  According to Officer Speidel's testimony, he called for assistance and, shortly afterward, Officer Brent Craft, who was in the area, arrived on the scene.  After chasing Petitioner, Officer Craft ended up spraying Petitioner with mace.  Eventually, three officers were needed to handcuff Petitioner.  Officer Craft was injured during the incident. (Preliminary Hrg. Tr. pp. 8-19, July 19, 2005.)

Officer Craft also testified at the preliminary-examination hearing.  His testimony corroborated that of Officer Speidel's.  (Preliminary Hrg. Tr. pp. 14-18, July 19, 2005.)

At the plea hearing on September 30, 2005, Petitioner admitted the following:

> THE COURT:  Okay.  Are you entering this guilty plea
> of your own free will?
> MR. HALL:  Yes, I am.
> THE COURT:  Okay.  Tell me what happened, in the
> County of Jackson, on or about June 12, 2005, that makes you guilty of these offenses.
> What happened with this officer that–Officer [Craft]?

MR. HALL:  Well, he was chasing me and I assume that he did fall.

THE COURT:  Okay.  You knew he was a police officer?

MR. HALL:  Yes, sir.

THE COURT:  And you knew he was trying to do his job and arrest you?

MR. HALL:  Yep.

THE COURT:  And you made it more difficult by running from him?

MR. HALL:  That is correct.

THE COURT:  And somehow, in that process of having to chase you, you understand that he fell and received some minor injuries?

MR. HALL:  Yes, sir.

THE COURT:  Okay.  Did you have a firearm with you that day?

MR. HALL:  Yeah.

THE COURT:  What type of a firearm was it?

MR. HALL:  .38.

THE COURT:  Okay.  And you didn't have a permit that allowed you to carry that .38?

MR. HALL:  No, I didn't.  No, sir.

(Plea Hrg. Tr. pp. 7-8, Sept. 30, 2005.)

Subsequently, on November 9, 2005, the trial court sentenced Petitioner as stated above.

However, the guidelines for the resisting-and-opposing conviction were twelve-to-thirty-six

months.  The sentencing judge clearly indicated on the record that he was imposing a sentence

above the guidelines.  At the sentencing hearing, he stated:

THE COURT:  Okay.  The guidelines score this as an E3, suggested range of 12 to 36 months.  It scores 5 points for displaying a weapon, 5 points for possessing a weapon, 10 points for bodily injury requiring some medical treatment, 9-10 points for having 2 victims, and 15 points on OV19 for using threat or force interfering with the administration of justice.  The grids on this are–this is a Class F, 12 to 36 months.  I'm not convinced that the guidelines are really–really adequately take into account the seriousness of this.  And there's maybe, I understand your point that it's not a serious injury to the police officer.  The–it's a scrape in his knee.  You know, the legislature could have said this covers serious injuries.  They didn't.  They covered any injuries.  So I think it clearly–I mean, it's not just some–these are just some, you know, a

broken, you know, a fingernail or something like this. I think these are–these clearly fall within what the legislature covered. It isn't the seriousness of the injuries that I think make you think this–the guidelines aren't adequate, but when I look at your record, what's been done in the past that hasn't been successful. You know, we still have you running from police officers with a gun, displaying a gun. You know, I think when the police officers are trying to arrest someone and someone has a gun and displays it and/or points it, I mean, I think that is a very serious factor and I just don't think that 36 months is adequate. Someone could have gotten shot. It could have been you. I could have been one of the police officers. It could have been, you know, [one] of the police officers could have hit someone else. You know, when you start shooting, things, bad things, happen. This seems to me to be a lot more serious than just the typical resisting and obstructing. It seems to me to be so serious that I don't think these guidelines adequately take into account the seriousness of it. I think these are factors that, although they're considered by the guidelines, I don't think they're adequately considered by the guidelines when you take the context of this situation and your serious–your prior record, this being your 11th and 12th felonies. So I am exceeding the guidelines for those reasons. It's the sentence of this Court that you be confined to the Michigan Department of Corrections on Count I for 64 to 96 months with no credit, and on Count II, 24 to 24 months with 130 days of credit. You are to pay victims rights and state minimum costs. Now, you have the right to file an application for leave to appeal. I'm giving you a set of instructions and a receipt to sign. You have 21 days to file an application for leave to appeal. You have 42 days to request an attorney to assist you with the appeal. The request for assistance must be filed with this Court within 42 days, in writing, and you're remanded to the custody of the sheriff.

(Sentencing Hrg. Tr. pp. 7-9, Nov. 9, 2005.)

Thereafter, Petitioner filed an application for leave to appeal that decision with the

Michigan Court of Appeals, raising the following claims:

> I. [Petitioner] must be resentenced because the reasons articulated by the trial court for departing from the guidelines are not substantial and compelling.
>
> II. [Petitioner] must be resentenced because his 64-month-minimum sentence is the maximum sentence the trial court can judicially impose making his sentence disproportionate.
>
> III. [Petitioner] is entitled to resentencing, under the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004) and the Sixth and Fourteenth

> Amendments of the United States Constitution, within a
> guidelines range that does not assess any points for offense
> variables.

On March 8, 2006, the Michigan Court of Appeals denied Petitioner's application.

*People v. Frankie Hall*, No. 268198 (Mich. App. Mar. 8, 2006). Petitioner then filed a delayed

application for leave to appeal that decision with the Michigan Supreme Court, raising the same

claims. While that application was pending, Petitioner filed a motion for resentencing with the

trial court. On May 31, 2006, the trial court denied the motion, concluding that "this is really a

Motion for Relief from Judgment based on M.C.R. 6.500, although [Petitioner] claims that it is

not." *People v. Frankie Hall*, No. 05-1181-FH (Jackson County Circuit Court, May 31, 2006).

Petitioner did not appeal that decision.

On July 31, 2006, the Michigan Supreme Court denied Petitioner's application for leave

to appeal. *People v. Frankie Hall*, 476 Mich. 858, 718 N.W.2d 341 (2006).

Petitioner then filed a second motion for relief from judgment, alleging:

> I.   The law is clear that [Petitioner's] sentencing is invalid,
>      where the [trial] court failed to fill out a written SIR form
>      explaining the departure from the guidelines and where the
>      [trial] court erroneously scored [Petitioner's] offense
>      variables under OV9 and OV19 based on inaccurate
>      information where the evidence of the case does not require
>      this scoring, thus, denying [Petitioner his] state and federal
>      constitutional rights to equal protection and due process of
>      law under the Sixth and Fourteenth Amendments.
>
>      A.   The [trial] court failed to state reasons for departure
>           on the (SIR) sentencing information report.
>
>      B.   The trial court erroneously used the scored
>           variables to depart from [Petitioner's] guidelines
>           which the court did not find on the record that the
>           original variables were given inadequate or
>           disproportionate weight at the time of sentence.

C.     The [trial] court erred scoring offense variable (OV)-9.

D.     The [trial] court erroneously scored offense variable (OV)-19.

II.     [Petitioner] was denied his state and federal constitutionally protected rights to effective assistance of counsel, when counsel failed to investigate or prepare for [Petitioner's] sentencing hearing and appellate counsel's failure to investigate or raise such claims on [Petitioner's] first appeal [thereby] violating [Petitioner's] Sixth and Fourteenth Amendments to the United States Constitution and Michigan Constitution of 1963, art. 1, § 17, 20.

The trial court denied Petitioner's motion for relief from judgment on December 28, 2006, concluding that Petitioner's motion was a successive motion, that Petitioner waived any errors in the guidelines by failing to object at sentencing, and that Petitioner's ineffective-assistance-of-counsel claim lacked merit. *People v. Frankie Hall*, No. 05-1181-FH (Jackson County Circuit Court, Dec. 28, 2006). Subsequently, Petitioner filed an application for leave to appeal that decision with the Michigan Court of Appeals, which the court, *sua sponte*, dismissed as improper because Petitioner's motion for relief from judgment was a successive motion. *People v. Frankie Hall*, No. 275600 (Mich.App. Feb. 14, 2007). The Michigan Court of Appeals also denied Petitioner's motion for reconsideration. *People v. Frankie Hall*, No. 275600 (Mich.App. Apr. 6, 2007). Following, the Michigan Supreme Court denied Petitioner's application for leave to appeal the court of appeals' decision. *People v. Frankie Hall*, 480 Mich. 888, 738 N.W.2d 753 (2007).

Petitioner filed the present petition for writ of habeas corpus on October 9, 2007, essentially raising the same claims as raised in both state-appellate courts.

### III. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state-court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal-habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Petitioner must therefore demonstrate that the state appellate court's decision was contrary to or involved an unreasonable application of existing federal law.

### IV.  Analysis

**A.    Claim I–Sentencing Judge Improperly Deviated Above Michigan's Sentencing Guidelines**

Petitioner first alleges that the sentencing judge improperly deviated above Michigan's sentencing guidelines in sentencing him.  This alleged violation of state law fails to state a claim on which habeas relief may be granted.  *Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir.2000) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984)); *Whitfield v. Martin*, 157 F.Supp.2d 758, 762 (E.D. Mich. 2001).  Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence.  *See Shanks v. Wolfenbarger*, 387 F.Supp.2d 740, 752 (E.D. Mich. 2005).  Therefore, in this case, Petitioner's claim fails to state a claim upon which habeas relief can be granted.  *Id.*

Petitioner also appears to be arguing that the sentencing judge failed to articulate substantial and compelling reasons, on the record, for deviating above the guidelines.  In Michigan, state law requires judges to provide substantial and compelling reasons for departing from the sentencing guidelines.  *See* Mich. Comp. Laws § 769.34(3); M.C.R. 6.425(E)(1)(e); *see also People v. Ridley*, 142 Mich.App. 129, 133-134, 369 N.W.2d 274 (1985).  However, in this case, the alleged violation is not a basis for habeas relief.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) (citing 28 U.S.C. § 2241 and *Rose v. Hodges*, 423 U.S. 19, 21 (1975) (*per curiam*)).

Furthermore, here, the Court does finds that the sentencing judge properly articulated reasons for the departure in this case– the sentencing judge's reasons were substantial and

compelling and were properly stated on the record–Petitioner had ten other felonies, Petitioner

knew that he was resisting an officer by running, and Petitioner had a gun with him. (Sentencing

Hrg. Tr. pp. 7-8, Nov. 9, 2005.) Moreover, Petitioner was convicted as a habitual offender.

Therefore, by its very terms, the state-sentencing guidelines do not apply to habitual offenders.

Simply stated, Michigan's sentencing guidelines are merely a tool utilized by state-

court-sentencing judges to assist them in the exercise of their discretion; they do not create

substantive rights. Furthermore, the Michigan Supreme Court has held that Michigan sentencing

guidelines are not mandatory; sentencing judges are required to consult the guidelines but are not

required to adhere to them. *See People v. Potts*, 436 Mich. 295, 302, 461 N.W.2d 647, 650

(1990). Thus, a sentencing judge's departure from, or misapplication of, the Michigan sentence

guidelines does not present a constitutional claim cognizable on habeas review. *See Cook v.

Stegall*, 56 F.Supp.2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court

departed from Michigan sentencing

guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas

review); *Welch v. Burke*, 49 F.Supp.2d 992, 1009 (E.D.Mich.1999) (Cleland, J.).

Petitioner is therefore not entitled to habeas relief regarding this claim.

### B.      Claim II–Petitioner's Sentence Violates Michigan's Proportionality Rule

Likewise, Petitioner's second claim–that his sentence violates Michigan's proportionality

rule–is also not cognizable in this habeas-corpus action. Petitioner alleges that his sentence

violated the principles of proportionality announced in *People v. Milbourn*, 435, Mich. 630, 461

N.W.2d 1 (1990) (holding that a criminal sentence must be proportionate to both the offense and

the offender). Because the United States Constitution contains no strict proportionality

guarantee, *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991), a claim that the sentencing court violated Michigan's principles of proportionality implicates only state law. *See Lunsford v. Hofbauer*, 52 F.3d 325 (6th Cir. 1995) (citing *Harmelin*, 501 U.S. at 965); *Welch*, 49 F.Supp.2d at 1009.

To the extent that Petitioner claims an Eighth Amendment violation, which prohibits cruel and unusual punishment, the Eighth Amendment "does not require strict proportionality between crime and sentence." *United States v. Layne*, 324 F.3d 464, 473 (6th Cir. 2003). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *Harmelin*, 501 U.S. at 1001. Therefore, federal courts will not engage in a proportionality analysis except in cases where the penalty imposed is

death or life in prison without a possibility of parole. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *Seeger v. Straub*, 29 F.Supp.2d 385, 392 (E.D. Mich. 1998).

Against that backdrop, the Court finds that Petitioner is not entitled to habeas relief regarding his proportionality claim.

**C.     Claim III–Petitioner's *Blakely-Booker* Claim**

Petitioner also attempts to raise a federal claim by arguing that the sentencing judge's departure from the initially recommended guidelines score violated *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

First, Petitioner's reliance on *Booker* is misapplied–*Booker* applies to defendants convicted of federal crimes. Petitioner has not been convicted of a federal crime. Therefore, *Booker* does not apply in this case.

Second, the Michigan Supreme Court has held that *Blakely* does not apply

in Michigan–*Blakely* is distinguishable from Michigan's sentencing system. *See People v.*

*Claypool*, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278, 286 (2004) (citing MICH. COMP. LAW §

769.8). *Blakely* concerned the State of Washington's determinate-sentencing system, which

allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not

found by the jury but by the judge. The trial judge in *Blakely* was required to set a fixed

sentence imposed within a range determined by guidelines but was able to increase the

maximum sentence on the basis of judicial fact-finding. In *Blakely*, the United States Supreme

Court found that the Washington scheme offended the Sixth Amendment, because any fact that

increased or enhanced a penalty for the crime, beyond the prescribed statutory maximum for the

offense, must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 301 (citing

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike Washington's determinate-sentencing system, Michigan has an indeterminate-

sentencing system in which the defendant is given a sentence with a minimum and a maximum

term. The maximum sentence is not determined by the trial judge but is set by law. *See*

*Claypool*, 470 Mich. at 730, n. 14, 684 N.W.2d at 286 (citing MICH. COMP. LAW § 769.8). Only

the minimum sentence is based on the applicable sentencing-guidelines range. *Id.*; *see also*

*People v. Babcock*, 469 Mich. 247, 666 N.W.2d 231 (2003) (citing MICH. COMP. LAW §

769.34(2)).

Therefore, under Michigan law, the trial judge sets the minimum sentence but can never

exceed the maximum sentence, unless the sentencing judge articulates, on the record, substantial

and compelling reasons for departing from the sentencing guidelines. *See* MICH. COMP. LAWS §

769.34(3); M.C.R. 6.425(E)(1)(e); *see also People v. Ridley*, 142 Mich.App. 129, 133-134, 369 N.W.2d 274 (1985). Indeterminate-sentencing schemes, unlike determinate-sentencing schemes, do not infringe on the province of the finder of fact. *See Blakely*, 542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate-sentencing schemes like the one used in Michigan, Petitioner is not entitled to habeas relief on this claim.

**D.      Claim IV–State-Guidelines-Scoring Claims Are Not Cognizable In Habeas Proceedings**

Petitioner also argues his guidelines-scoring claims as constitutional claims–Petitioner alleges that the state court erred in scoring his sentencing guidelines. However, these claims are based solely on state law and therefore not cognizable on federal-habeas-corpus review.

**E.      Claim V–Ineffective Assistance of Counsel–Trial and Appellate**

Petitioner raised this claim for the first time in his second motion for relief from judgment. Ineffective assistance of counsel, both trial and appellate, may be cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-480 (1986).

To determine whether Petitioner received ineffective assistance of counsel, this Court must first examine the merits of the claims which counsel might have presented in Petitioner's direct appeal but failed to do so. "[T]he questions then become whether appellate counsel was constitutionally ineffective for failing to raise those errors on appeal and, if so, whether the petitioner was prejudiced by counsel's unsatisfactory representation." *Mapes v. Coyle*, 171 F.3d 408, 413-414 (6th Cir. 1999).

In this case, the record reveals that various issues were raised in Petitioner's application for leave to appeal but Petitioner's convictions were affirmed. Here, the Court finds that

Petitioner fails to demonstrate that the issues that were allegedly ignored by his appellate counsel in his application for leave to appeal had merit.

Because he has failed to establish a showing of merit or a fundamental miscarriage of justice, the claim is not cognizable under federal habeas review. Therefore, Petitioner is not entitled to habeas relief on these remaining claims.

### V. Conclusion

For the reasons stated above, this Court concludes that Petitioner is not entitled to federal-habeas relief on the claims presented in his petition. Accordingly:

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 24, 2008     United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 24, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

-13-