UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKIE D. HALL,

        Petitioner,

v.                                                   Case Number: 07-CV-14274
                                                         Honorable Arthur J. Tarnow

CAROL HOWES,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO RELATE-BACK TO TIMELY FILED AMENDED PETITION

On November 24, 2008, this Court issued an opinion and order denying the petition for writ of habeas corpus in the above matter. Petitioner has now filed a "Motion to Relate Back to Timely Filed Amended Petition," which this Court construes as a motion for reconsideration. (Dkt. # 25.) For the reasons stated below, the motion for reconsideration is DENIED.

Local Rule, E.D. Mich. 7.1(g)(3) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Id.*; *See also Czajkowski v. Tindall & Assocs, P.C.*, 967 F.Supp. 951, 952 (E.D. Mich. 1997). The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof. *Id.* A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F.Supp. 426, 427 (E.D. Mich.1997).

In this motion, Petitioner argues that the Court incorrectly assessed the merits of his sentencing claims. Petitioner's argument is without merit. The Court correctly assessed

Petitioner's sentencing claims–those claims are not cognizable in federal-habeas review. *See Hall v. Howes*, No. 07-14274, pp. 8-12 (E.D. Mich. Nov. 24, 2008) (Tarnow, J.). Specifically, Petitioner contends, as he did in his amended petition, that the prosecutor provided the trial court with false information that the offense for which he was being sentenced was committed while he was on parole and also numbered his prior felonies (eleven or twelve) for the trial court, all in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

This Court concludes that the trial court properly exercised its authority in sentencing Hall. The Court reaches this result because of precedent, not because of Constitutional principle.

The Constitutional principle is that a person may only be sentenced based on admitted conduct or if a jury has found guilt beyond reasonable doubt. That is, liberty may not be extinguished without due process of law. The Court will therefore deny Petitioner's motion because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, and has not demonstrated a palpable defect by which the court and the parties have been misled. *Hence v. Smith*, 49 F.Supp.2d 547, 553 (E.D. Mich.1999); *see also* Local Rule, E.D. Mich. 7.1(g) (3).

**ORDER**

Based upon the foregoing, IT IS ORDERED that Petitioner's motion for reconsideration is DENIED. (Dkt. # 25.)

IT IS SO ORDERED.

Dated: January 12, 2009

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 12, 2009, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary