UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKIE D. HALL,

        Petitioner,

v.                                        Case Number: 07-cv-14274
                                        Honorable Arthur J. Tarnow

CAROL HOWES,

        Respondent.
        _____/

**OPINION AND ORDER
ISSUING PETITIONER A MOTION FOR A CERTIFICATE OF APPEALABILITY IN
THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT CASE NUMBER 09-1190
AND
ALLOWING PETITIONER TO PROCEED *IN FORMA PAUPERIS***

**I.    INTRODUCTION**

This Order is in response to The United States Court of Appeals For the Sixth Circuit's request regarding Petitioner's motion for a certificate of appealability ("COA") in case number 09-1190. On October 9, 2007, Petitioner Frankie D. Hall filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Dkt. # 1.) On November 24, 2008, this Court issued an "Opinion and Order," and entered a "Judgment," denying Petitioner's petition. (Dkt. # # 23 and 24.) On December 23, 2008, Petitioner filed a "Motion to Relate Back to Timely Filed Amended Petition" [dkt. # 25], which the Court construed as a motion for reconsideration of its Opinion and Order dated November 24, 2008. The Court denied the motion on January 12, 2009. (Dkt. # 26.) Petitioner then sought a thirty-day extension in which to file a COA, which was granted on February 9, 2009, extending Petitioner's time for filing an appeal until March 31, 2009. Petitioner then filed his notice of appeal, which was unsigned, on February 12, 2009. The

Sixth Circuit docketed the appeal as case number 09-1190.  Petitioner then filed a signed notice of appeal on March 16, 2009, and the Sixth Circuit subsequently docketed that notice as case number 09-1324 and dismissed it as duplicative.

Subsequently, on May 12, 2009, the Sixth Circuit held that this Court's decision, granting Petitioner permission to file a late appeal, was in error, as it was untimely regarding the Court's November 24, 2008 Opinion and Order.  *Hall v. Howes*, No. 09-1190 (6th Cir. May 12, 2009).  However, the Sixth Circuit found that it was timely in regard to the Court's Opinion and Order denying Petitioner's "Motion to Relate Back to Timely Filed Amended Petition," which the Court construed as a motion for reconsideration.  The Sixth Circuit is now requesting that this Court rule on the issuance of a COA regarding its denial of that motion.

**II.    STANDARD OF REVIEW**

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not be issued.  28 U.S.C. § 2253(c)(3); Fed.R.App.P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

"A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

### III.    DISCUSSION

In this case, Petitioner pleaded guilty to charges of resisting and opposing an officer and felony firearm. He was sentenced, as a third-habitual offender, to five-years-four-months- to eight-years imprisonment for the resisting-and-opposing conviction, and the mandatory two-years imprisonment for the felony-firearm conviction, to be served consecutively. In his pleadings, Petitioner challenged the validity of his sentencing and alleged that his trial and appellate attorneys were ineffective. In his motion to amend his petition, Petitioner argued that the prosecutor provided the trial court with false information that the offense for which he was sentenced was committed while he was on parole and also numbered his prior felonies (eleven or twelve). He argued that the prosecutor's conduct was in violation of *Blakely v. Washington*, 542 U.S. 296 (2004).

In it Opinion and Order, the Court concluded:

> [T]hat the trial court properly exercised its authority in sentencing Hall. The Court reaches this result because of precedent, not because of Constitutional principle.
>
> The Constitutional principle is that a person may only be sentenced based on admitted conduct or if a jury has found guilt beyond reasonable doubt. That is, liberty may not be

3

> extinguished without due process of law. The Court will therefore deny Petitioner's motion because Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, and has not demonstrated a palpable defect by which the court and the parties have been misled. *Hence v. Smith*, 49 F.Supp.2d 547, 553 (E.D. Mich. 1999); *see also* Local Rule, E.D. Mich. 7.1(g) (3).

*Hall v. Howes*, No. 07-CV-14274, slip op. at 2 (E.D. Mich. Jan. 12, 2009).

Regarding the COA in case number 09-1190, the Court looks at the progeny of cases relevant to this claim. First in the line of pertinent cases was *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that " 'any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.' " *Id.* at 476 (quoting *Jones v. United States*, 526 U.S. 227, 243 n. 6 (1999)). Next, *Blakely v. Washington*, 542 U.S. 296 (2004), clarified that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant " and reaffirmed *Apprendi's* "bright-line rule." *Id.* at 303 (emphasis in original). Finally, *United States v. Booker*, 543 U.S. 220 (2005), held that the Federal Sentencing Guidelines were invalid because, as in *Blakely*, " 'the jury's verdict alone does not authorize the sentence. The judge acquires that authority only upon finding some additional fact.' " *Id.* at 235 (quoting *Blakely*, 542 U.S. at 305). Taken together, *Apprendi*, *Blakely*, and *Booker*, firmly established that a sentencing scheme in which the maximum possible sentence is set based on facts found by a judge is not consistent with the Sixth Amendment.

Although state law errors are generally not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial

of equal protection or of due process of law guaranteed by the Fourteenth Amendment.' " *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citations omitted). *See also Doyle v. Scutt*, 347 F.Supp.2d 474, 485 (E.D. Mich. Dec. 1, 2004) (a habeas court could not set aside, "on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).  A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras*, 123 F. App'x at 213 (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner argued that the Court did not properly address his sentencing claims, and that Respondent generated misleading information to the trial court regarding his criminal record, and that the trial court relied on that misinformation.  He also argues that a similar sentencing case, *McCuller v. Michigan*, 549 U.S. 1197 (2007), in which the Supreme Court vacated the judgment and remanded to the Michigan Supreme Court in light of its decision in *Cunningham v. California*, 549 U.S. 270 (2007), is applicable to his case.

However, on remand, the Michigan Supreme Court in *McCuller* reestablished the fact that *Blakely* does not apply in Michigan. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *Blakely*, 542 U.S. at 304-05, 308-09. The courts in this district have held that *Apprendi* and *Blakely* do not apply to indeterminate sentencing schemes like the one used in Michigan. Therefore, the Court adheres to its position that the trial court's calculation of Petitioner's sentencing guidelines range in this case did not violate Petitioner's Sixth Amendment rights, so as to entitle him to habeas relief. *Hall v. Howes*, No. 07-CV-14274, slip op. at 2 (E.D. Mich. Jan. 12, 2009). *See Worley v. Palmer*, 2006 WL 2347615 (E.D. Mich. Aug. 11, 2006); *Toothman v. Davis*, 2006 WL 2190515 (E.D. Mich. Aug. 1, 2006).[1] Precedent establishes that the decision in *Blakely* has no application to Petitioner's sentence, and the *McCuller* decision does not alter that precedent.

---

[1] Indeed, every judge in the Eastern District of Michigan that has considered the issue has also rejected *Blakely* challenges to the scoring of the Michigan Sentencing Guidelines on this basis. *See Delavern v. Harry*, No. 07-13293, 2007 WL 2652603 (E.D.Mich. Sept. 7, 2007) (Rosen, J.); *Brown v. Bell*, No. 06-15132, 2007 WL 2516933 (E.D.Mich. Aug. 31, 2007) (Cohn, J.); *Anderson v. Lafler*, No. 06-11945, 2007 WL 2480549 (E.D.Mich. Aug. 29, 2007) (Borman, J.); *Couch v. Prelesnik*, No. 05-70591, 2007 WL 2413090 (E.D.Mich. Aug. 21, 2007) (Friedman, J.); *Morgan v. Birkett*, No. 07-12396, 2007 WL 2318751 (E.D.Mich. Aug. 9, 2007) (Hood, J.); *Moffett v. Davis*, No. 06-13946, 2007 WL 2225875 (E.D.Mich. Aug. 1, 2007) (Roberts, J.); *Logan v. Booker*, No. 06-14240, 2007 WL 2225887 (E.D.Mich. Aug. 1, 2007) (Duggan, J.); *Djoumessi v. Wolfenbarger*, No. 05-70455, 2007 WL 2021837 (E.D.Mich. July 12, 2007) (Tarnow, J.); *Carattoni v. Stovall*, No. 07-11910, 2007 WL 1976459 (E.D.Mich. July 3, 2007) (Steeh, J.); *Jackson v. Curtin*, No. 06-13338, 2007 WL 1675296 (E.D. Mich. June 11, 2007) (Edmunds, J.); *Davis v. Lafler*, No. 05-60271, 2007 WL 1582221 (E.D.Mich. May 31, 2007) (O'Meara, J.); *Coffel v. Stovall*, No. 07-11927, 2007 WL 1452918 (E.D.Mich. May 15, 2007) (Ludington, J.); *Conner v. Romanowski*, No. 05-74074, 2007 WL 1345066 (E.D.Mich. May 4, 2007) (Battani, J.); *Hall v. Lafler*, No. 05-73906, 2007 WL 1017036 (E.D.Mich. Apr. 2, 2007) (Zatkoff, J.); *Bell v. Booker*, No. 07-11070, 2007 WL 869169 (E.D.Mich. Mar. 22, 2007) (Taylor, J.) (all unpublished).

The Court nevertheless finds that reasonable jurists could find its decision debatable whether the trial court relied on misleading information given by the prosecutor, regarding Petitioner's criminal record in sentencing him. Therefore, the Court shall issue a certificate of appealability with respect to Petitioner's motion to amend.

## IV.    CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has made a substantial showing of a denial of a constitutional right relative to the issue presented in his motion to amend, and that reasonable jurists may disagree with the Court's resolution of that motion. Therefore, the Court grants Petitioner a COA in regard to its January 12, 2009 Opinion and Order, denying his motion to amend. Additionally, the Court will allow Petitioner to proceed *in forma pauperis* because the Court finds that this appeal has been taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner is **ISSUED** a certificate of appealability in The United States Sixth Circuit Court of Appeals' case number 09-1190.

**IT IS FURTHER ORDERED** that Petitioner is permitted to proceed *in forma pauperis* on appeal.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 14, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 14, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary